IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
SOUTHERN DIVISION

JAMIE JONES,                                    :
                                                :
          Plaintiff,                            :
                                                :
-vs-                                            :          Case No. 1:04-cv-0417-WS-M
                                                :
BOARD OF SCHOOL COMMISSIONERS OF                :
MOBILE COUNTY, ALABAMA, *et al.*,               :
                                                :
          Defendants.                           :

## ANSWER ON BEHALF OF DEFENDANTS BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, ALABAMA AND HAROLD DODGE TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Board of School Commissioners of Mobile County, Alabama and Harold Dodge (hereinafter referred to collectively as "these Defendants"), by and through their counsel of record, and respond separately and severally, to the Plaintiff's *Complaint* as follows:

### FIRST DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendant Dodge is entitled to qualified immunity with regard to Plaintiff's 42 U.S.C. § 1983 claims and state law claims because any action taken by him was taken in good faith, pursuant to his discretionary authority and his conduct did not violate any clearly established constitutional rights about which a reasonable person would have known.

### THIRD DEFENSE

If plaintiff proves that any decision regarding her employment was motivated in whole or in part by unlawful intent, the Defendants will show that the same action would have been taken regardless of said unlawful intent.

### FOURTH DEFENSE

These Defendants state that the transfer of the Plaintiff to a different position and location, and any and all other claims of alleged adverse employment decisions with regard to the Plaintiff,

- 1 -

were based upon legitimate business reasons unrelated to any actions taken by the Plaintiff to redress alleged violations of the Plaintiff's First Amendment rights and rights protected by 42 U.S.C. § 1983.

### FIFTH DEFENSE

Defendants did not retaliate against plaintiff.

### SIXTH DEFENSE

There is no cause or connection between any alleged unlawful employment action asserted against the Board and any alleged protected conduct.

### SEVENTH DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted under 42 U.S.C. § 1983.

### EIGHTH DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted under the First Amendment of the Constitution

### NINTH DEFENSE

None of the decisions made by Defendants regarding Plaintiff's employment was based on any protected conduct.

### TENTH DEFENSE

The Defendants' interest in the orderly administration of the Mobile County Public Schools outweighs any alleged interest or entitlement of Plaintiff.

### ELEVENTH DEFENSE

Plaintiff does not have a right to be promoted or assigned to a coveted position by the Defendants.

### TWELFTH DEFENSE

Defendant Dodge was not a final decision maker with respect to any employment decisions affecting Plaintiff.

THIRTEENTH DEFENSE

For response to each numbered paragraph of the Plaintiff's *Complaint*, these Defendants aver as follows:

With regard to Plaintiff's "Nature of the Action," no response is required of these Defendants, however, to the extent a response is required, these Defendants deny same.

Parties

1.   These Defendants admit the allegations as contained in paragraph 1 of the Plaintiff's *Complaint*.

2.   These Defendants admit the allegations as contained in paragraph 2 of the Plaintiff's *Complaint*.

3.   These Defendants admit the allegations as contained in paragraph 3 of the Plaintiff's *Complaint*.

Factual Allegations

4.   These Defendants deny the allegations as contained in paragraph 4 of the Plaintiff's *Complaint*.

5.   These Defendants deny the allegations as contained in paragraph 5 of the Plaintiff's *Complaint*.

6.   These Defendants deny the allegations as contained in paragraph 6 of the Plaintiff's *Complaint*.

7.   These Defendants deny the allegations as contained in paragraph 7 of the Plaintiff's *Complaint*.

8.   These Defendants deny the allegations as contained in paragraph 8 of the Plaintiff's *Complaint*.

9.   These Defendants deny the allegations as contained in paragraph 9 of the Plaintiff's *Complaint*.

10.  These Defendants deny the allegations as contained in paragraph 10 of the Plaintiff's *Complaint*.

11.  These Defendants deny the allegations as contained in paragraph 11 of the Plaintiff's *Complaint*.

Count One
Mandamus/Injunctive Relief

12.   These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through eleven of Plaintiff's *Complaint*.

13. These Defendants deny the allegations as contained in paragraph 13 of the Plaintiff's *Complaint*.

14. These Defendants deny the allegations as contained in paragraph 14 of the Plaintiff's *Complaint*.

These Defendants deny that the Plaintiff is entitled to the relief requested in Count One of her *Complaint*.

15. These Defendants deny that the Plaintiff is entitled to any relief as requested in paragraph 15 of the her *Complaint*.

Count Two
First Amendment Claim

16.   These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through eleven of Plaintiff's *Complaint*.

17. Paragraph 17 of the Plaintiff's *Complaint* are conclusory allegations in which no reply is necessary from these Defendants.  However, to the extent a reply is necessary, said allegations are denied.

18. These Defendants deny the allegations as contained in paragraph 18 of the Plaintiff's *Complaint*.

These Defendants deny that the Plaintiff is entitled to the relief requested in Count Two of her *Complaint*.

DATED THIS the 28th day of June, 2004.

- 4 -

BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, ALABAMA, and HAROLD DODGE, Defendants,

By: __/S/__ James R. Seale_____
James R. Seale (SEALJ3617)
Elizabeth Brannen Carter (CARTE3272)
HILL, HILL, CARTER,
  FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
E-mail: ecarter@hillhillcarter.com
Counsel for Defendants
wwm/6630.0145/f:Answer.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Answer on Behalf of Defendants Board of School Commissioners of Mobile County, Alabama and Harold Dodge To Plaintiff's Complaint* with the Clerk of the Court for the United States District Court, for the Southern District of Alabama, Southern Division, using the CM/ECF system and by placing a copy of same in the United States Mail, postage prepaid and properly addressed to Henry H. Caddell, Esquire, Thiry & Caddell, 1911 Government Street, Mobile, Alabama 36606; this the 28th day of June, 2004.

__/S/__ James R. Seale_____

- 5 -